# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |  |  |
|---|---|---|---|
| | * | | |
| | * | CIVIL ACTION NO. _____ | |
| | * | | |
| **BRADLEY AND KATHY CAIN** | * | | |
| | * | | |
| **VERSUS** | * | SECTION "___"      MAG. DIV. __ | |
| | * | | |
| **CHRISTOPHER COLUMBUS** | * | | |
| **CONDOMINIUMS, STRATA #17** | * | | |
| | * | | |

## <u>COMPLAINT</u>

Plaintiffs, Bradley and Kathy Cain (hereinafter sometimes "Plaintiffs"), individuals of the full age of majority and residents of the Parish of Orleans, State of Louisiana, respectfully represent as follows:

1.

Made defendant herein is Christopher Columbus Condominiums, Strata #17 ("CCC"), a foreign corporation organized under the laws of the Cayman Islands.

2.

As Plaintiffs are citizens of the State of Louisiana and CCC is a citizen of a foreign state, as defined in 28 U.S.C. § 1603(a), and Plaintiffs aver herein below that the total general and special damages at issue in this matter exceed $75,000.00, exclusive of interest and costs, this Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

3.

Defendant, CCC, owns and operates a travel condominium located Seven Mile Beach, at 2013 West Bay Road, Grand Cayman, Cayman Islands, British West Indies which, upon information and belief, CCC marketed to potential customers, including Plaintiff residents of the State of Louisiana, via the internet (including but not limited to an interactive website maintained by CCC, online advertisements directed to potential consumers, and e-mail correspondence directed to potential customers).

4.

CCC markets its Seven Mile Beach condominiums to "all persons including U.S. citizens," and Plaintiffs herein, as a full service "easy-going tropical... oceanfront condo," with upscale amenities, and provides its potential customers with detailed port of entry/exit requirements and other comprehensive information in order to facilitate expeditious booking of accommodations. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(3) as non-resident defendant, CCC, is subject to personal jurisdiction in this Court pursuant to La. R.S. §§ 13:3201(A)(4) and 13:3201(B).

5.

Relying on CCC's marketing and representations, Plaintiffs booked travel to CCC's Seven Mile Beach condominiums for the month of July 2011.

6.

On or about July 23, 2011, while Plaintiffs were patrons/invitees at CCC's Seven Mile Beach Condominiums, Plaintiff, Bradley Cain, was severely injured when a beach chair owned and maintained by CCC and its employees malfunctioned suddenly and without warning.

7.

Plaintiffs aver that the accident in question was caused through no fault of their own; rather, the accident and ensuing injuries were caused solely by the negligence of CCC and/or its employees for whom CCC is responsible under the doctrine of *respondeat superior*, in the following, non-exclusive respects, to wit:

a)   Failing to maintain a safe premises;

b)   Failing to properly insure that their movables and/or equipment were safe and secure;

c)   Operating a defective movable and/or piece of equipment not properly suited for its intended purpose and/or use;

d)   Failing to provide proper inspection and maintenance to their movables and/or equipment; and

e)   Any and all other acts of negligence to be shown at the trial of this matter.

8.

Because of the aforementioned accident and as a direct and proximate cause thereof, Plaintiff, Bradley Cain, has sustained the following non-exclusive bodily injuries:

a)   Finger amputation;

b)   Lumbar thoracic pain; and

c)   Aggravation of pre-existing cervical and lumbar thoracic injuries.

9.

As a result of the above-listed, non-exclusive bodily injuries, Plaintiff, Bradley Cain, avers that he has sustained the following, non-exclusive damages:

a)   Past, present, and future medical costs and expenses;

b)   Past, present, and future pain and suffering;

c)      Past, present, and future mental anguish and emotional stress and strain;

d)      Lost wages;

e)      Loss of earning capacity;

f)      Permanent disfigurement and disability;

g)      Loss of consortium;

h)      Increased travel costs and expenses associated with last minute travel to the U.S. to receive emergency medical treatment and surgical intervention in order to mitigate his injuries and permanent disability;

i)      Loss of use and enjoyment of prepaid travel costs and expenses to CCC's condominiums located at Seven Mile Beach that, but for CCC's and/or its employees' negligence and/or gross negligence, would have otherwise been enjoyed; and

j)      Any and all other damages which may be shown at the trial of this matter.

10.

Additionally, and as a result of the above-listed, non-exclusive bodily injuries to Bradley Cain, Plaintiff, Kathy Cain, avers that she has sustained the following, non-exclusive damages:

a)      Loss of consortium;

b)      Increased travel costs and expenses associated with last minute travel to the U.S. to receive emergency medical treatment and surgical intervention in order to mitigate plaintiff, Bradley Cain's, injuries and permanent disability;

c)      Loss of use and enjoyment of prepaid travel costs and expenses to CCC's condominiums located at Seven Mile Beach that, but for CCC's and/or its

employees' negligence and/or gross negligence, would have otherwise been enjoyed; and

d)      Any and all other damages which may be shown at the trial of this matter.

11.

Further, Plaintiffs have already incurred, or expect to incur, costs and expenses totaling $28,869.00, which can be itemized as follows:

a)      Medical costs and expenses to date totaling $8,738.00;

b)      Anticipated future medical costs and expenses in the amount of $15,000.00;

e)      Increased travel expenses associated with Plaintiffs' emergency travel to the U.S. in order to mitigate the extent of plaintiff, Bradley Cain's, injuries and permanent disability in the amount of $3,478.00;

f)      Loss of use and enjoyment of Plaintiffs' prepaid July 2011 holiday to CCC's Grand Cayman condominium location in the amount of $1,653.00.

12.

Plaintiffs further affirm that they continue to incur additional costs, expenses, and damages and, specifically, allege that the above-itemized expenses do not include compensation for the general damages associated with Plaintiff, Bradley Cain's, physical injuries, lost wages, loss of earning capacity and/or Plaintiffs' loss of consortium claims, recovery for all of which is specifically sought herein as detailed in Paragraphs 5 through 7 above and which monetary value will be established via discovery and at the trial of this matter.

13.

Plaintiffs aver amicable demand upon CCC to no avail.

14.

Plaintiffs hereby request a trial by jury.

**WHEREFORE**, Plaintiffs, Bradley and Kathy Cain, pray that defendant, Christopher Columbus Condominiums, Strata #17, be duly served with Summons and a true copy of the Complaint; that Christopher Columbus Condominiums, Strata #17, be duly cited to appear and answer same; and that after all legal delays and due proceedings are had, this Court issue judgment in favor of Plaintiffs, Bradley and Kathy Cain, and against defendant, Christopher Columbus Condominiums, Strata #17, for an amount that is reasonable under the circumstances together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings and all further general and equitable relief to which Plaintiffs, Bradley and Kathy Cain, may be justly entitled to under the law.

Respectfully submitted:

/s/ Jacqueline M. Brettner
Philip D. Nizialek, T.A. (#24180)
Jacqueline M. Brettner (#30412)
**CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, L.L.C.**
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Telecopier: (504) 585-3801
E-mail: Nizialek@carverdarden.com
           Brettner@carverdarden.com

4831-4599-3999, v. 2